UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| THUMBELINA HINSHAW, as Conservator for Jason Cooper<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al*.,<br><br>Defendant | 2:15-cv-1847 JWS<br><br>ORDER AND OPINION<br>[Re: Motion at Docket 101] |
|---|---|

### I. **MOTION PRESENTED**

At docket 101, Defendant United States of America filed a Fed. R. Civ. P. Rule 17 objection for failure to prosecute in the name of the real party in interest; Plaintiff Thumbelina Hinshaw filed a response at docket 106; Defendant filed a reply at docket 108.

### II. **BACKGROUND**

Thumbelina Hinshaw was named as conservator of Jason Cooper's person on March 3, 2015.[1] Ms. Hinshaw's application as conservator of Jason Cooper's estate was denied without prejudice on the same date.[2]

Ms. Hinshaw, as Jason Cooper's conservator, filed this lawsuit alleging violations of the Federal Tort Claims Act on September 17, 2015. The Complaint

---

[1] Mosier Decl., Exh. 11.
[2] *Id.*

1

alleged that Mr. Cooper was a resident of Riverside, California, and that Ms. Hinshaw "was appointed as Plaintiff's conservator on March 25, 2015 by order of the California Superior Court, San Diego, Probation Department."

On October 15, 2017, an administrative hearing was held before the California Department of Consumer Affairs, Board of Registered Nursing. During her testimony Ms. Hinshaw acknowledged that she was not the conservator of Mr. Cooper's estate.[3] Ms. Hinshaw also acknowledged that she felt it was a mistake to be named as a party in this litigation and indicated her intent to be removed from the case.[4]

### III.  STANDARD OF REVIEW

Fed. R. Civ. P. Rule 17(a)(1) requires that: "An action must be prosecuted in the name of the real party in interest." "The real party in interest is the person who has the right to sue under the substantive law. In general, it is the person holding title to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation."[5] The Federal Rules of Civil Procedure do not specify the procedure for objecting to a plaintiff's standing as the real party in interest.[6] Nonetheless, under Fed. R. Civ. P. Rule 17(a)(3):

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After

---

[3] Nelson Decl., Exh. 1, 179:4-16.
[4] *Id.* at 181:11-182:2; Nelson Decl., Exh. 1, 11:5-14.
[5] *Kinman v. Wells Fargo Bank, N.A.*, No. 2:12-CV-02853-MCE, 2013 WL 523092, at *2 (E.D. Cal. Feb. 11, 2013) (citing *Malikyar v. Sramek*, No. C 07-03533 WHA, 2008 WL 4891020, at *3 (N.D. Cal. Nov. 12, 2008); *U–Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir.1986)).
[6] *Id.* at *3 n. 4.

2

ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

"Whether [a] plaintiff is the real party in interest is determined by the controlling substantive laws."[7] "It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law."[8]

## IV.   DISCUSSION

As a preliminary matter, Thumbelina Hinshaw is not the real party in interest. Under Fed. R. Civ. P. Rule 17: "An individual's capacity to sue is determined by the law of the individual's domicile."[9] Jason Cooper is domiciled in California. Under California law, the authority to conduct litigation on behalf of someone determined to be incompetent is vested in the guardian or conservator of the estate.[10] Ms. Hinshaw is the conservator of the person and not the conservator of the estate.[11] Therefore, Ms. Hinshaw does not have the authority to conduct litigation on behalf of Mr. Cooper as the conservator of the person.

---

[7] *Id.* at *2 (citing *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093–94 (9th Cir. 2004)).
[8] *Id.* (citing *Am. Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136, 1141 (9th Cir.1981); *Glacier Gen. Assurance Co. v. G. Gordon Symons Co., Ltd.*, 631 F.2d 131, 133 (9th Cir.1980)).
[9] *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); Fed. R. Civ. Pro. Rule 17(b).
[10] *Kagy v. Napa State Hosp.*, 33 Cal. Rptr. 2d 741, 743 (Cal. App. 1994), *as modified* (Oct. 11, 1994) ("[California] Probate Code section 2351, subdivision (a) provides that a conservator of the person has 'the care, custody, and control of, and has charge of the education of, the ward or conservatee.' The Probate Code expressly gives such conservator the 'same right as a parent having legal custody of a child' to consent to medical treatment (Prob.Code, § 2353, subd. (a)), but does not expressly give the conservator any power to protect the conservatee's interests through court action. In contrast, a conservator of the estate is given such power. (Prob.Code, § 2462.) In addition, as Kagy points out, the public guardian does not have the same interest in prosecuting a claim, or otherwise protecting the assets of a conservatee as does a parent or conservator of the estate.")
[11] Dkt 106, p. 7.

3

### A. Ms. Hinshaw has never been determined to be next friend to Mr. Cooper by this or any other court.

Ms. Hinshaw argues that she has the capacity to sue on behalf of Mr. Cooper as his "next friend." But, Ms. Hinshaw has never moved for a determination that she is next friend to Mr. Cooper. In general, "Courts have noted that, '[h]istorically, the 'next friend' has represented the incompetent as plaintiff, the guardian ad litem as defendant,' but that there is no substantial difference between these designations."[12] A party seeking recognition as a next friend must file a motion to proceed as a next friend.[13] There is a two-prong test in determining a next friend:

> In order to establish standing, the next friend must: (1) provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action; and (2) be truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate and have some significant relationship with the real party in interest.[14]

Ms. Hinshaw has neither moved for recognition as next friend nor established standing as next friend to Mr. Cooper and thus is not the real party in interest as next friend to Mr. Cooper.

---

[12] *Gonzalez v. Arizona Dep't of Health Servs.*, No. CV08-2391-PHX-DGC, 2009 WL 383535, at *1 n.1 (D. Ariz. Feb. 13, 2009) (citing *von Bulow v. von Bulow*, 634 F.Supp. 1284, 1293 (S.D.N.Y.1986); *Dacanay v. Mendoza*, 573 F.2d 1075, 1076 n.1 (9th Cir.1978)).
[13] *Miller ex rel. Jones v. Stewart*, 231 F.3d 1248, 1250 (9th Cir. 2000).
[14] *Id.* at 1251.

4

## B. Plaintiff's mistake in naming Ms. Hinshaw was not strategic

The purpose of Fed. R. Civ. P. Rule 17 is to prevent forfeiture of a claim when an honest[15] or understandable[16] mistake was made in naming a party. The position is consistent with the Ninth Circuit's "longstanding policy in favor of deciding cases on the merits."[17] In determining whether a mistake is honest or understandable, the Ninth Circuit contrasts honest or understandable with strategic.[18] For example, in *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, the Ninth Circuit concluded that ratification was not permissible when "a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment."[19] The court noted that the "principle that an action should not be forfeited because of an honest mistake" does not permit "distort[ion] by parties to circumvent the limitations

---

[15] *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017). ("The purpose of the rule is 'to prevent forfeiture of a claim when an honest mistake was made.'") (citing *Goodman* v. *United States*, 298 F.3d 1048, 1054 (9th Cir. 2002)); *see also* 6A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1555 (3d ed. 2017) (noting the "judicial tendency to be lenient when an honest mistake has been made in selecting the proper plaintiff").
[16] *Kinman v. Wells Fargo Bank, N.A.*, No. 2:12-CV-02853-MCE, 2013 WL 523092, at *2 (E.D. Cal. Feb. 11, 2013) ("The Ninth Circuit has followed this guidance, and allowed parties the benefit of the Rule 17(a)(3) safety valve when they have made an understandable mistake.") (citing *Dunmore v. United States,* 358 F.3d 1107, 1112 (9th Cir.2004); *U.S. for Use and Benefit of Wulff v. CMA, Inc.,* 890 F.2d 1070, 1075 (9th Cir.1989)).
[17] *Jones,* 873 F.3d at 1128 (citing *Dahl* v. *City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Russell* v. *Cunningham*, 279 F.2d 797, 804 (9th Cir. 1960)).
[18] *See Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (permitting ratification "so long as Dunmore's decision to sue in his own name represented an understandable mistake and not a strategic decision."); *see also, Cacossa v. Amylin Pharm., Inc.*, No. 3:12-CV-03020-AJB, 2014 WL 2090552, at *2 (S.D. Cal. May 16, 2014) ("In determining whether substitution under Rule 17(a)(3) is proper, the court focuses 'on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was honest), and on whether the defendant was prejudiced thereby.'") (quoting *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004).
[19] 890 F.2d 1070, 1075 (9th Cir. 1989).

period."[20] In *Jones v. Las Vegas Metro. Police Dep't*, the father of decedent killed during "police restraining procedures" filed a Fourth Amendment claim against the officers involved in the incident.[21] Nevada law only permits "survival action by the 'executor or administrator' of a decedent's estate."[22] Jones's father did not file "as executor or administrator of Jones's estate and thus didn't have standing to bring these claims."[23] The court found that plaintiff's argument, that the mistake was understandable "because the district court had approved a stipulation amending their complaint to name Jones's estate as a plaintiff," was "hardly the best excuse."[24] Nonetheless, the Ninth Circuit determined that "the district court should have given plaintiffs a reasonable opportunity to substitute the right party."[25]

Here, Plaintiff contends that they believe "Ms. Hinshaw is the right party." This incorrect belief is based on Ms. Hinshaw's appointment as conservator of Mr. Cooper's person and the denial of Ms. Hinshaw's application for conservator of the estate without prejudice because "Mr. Cooper had meager funds (and no property) to

---

[20] *Id.*
[21] 873 F.3d 1123, 1127 (9th Cir. 2017).
[22] *Id.* at 1128.
[23] *Id.*
[24] *Id.*
[25] *Id.* at 1129 (reversing district court's dismissal because plaintiff's mistake was honest, even if not understandable, so court was required to give plaintiff an opportunity to substitute) (citing *Esposito v. United States*, 368 F.3d 1271, 1272 (10th Cir. 2004); *Jaramillo v. Burkhart*, 999 F.2d 1241, 1246 (8th Cir. 1993) (reversing district court's dismissal because plaintiff wasn't given a reasonable opportunity to substitute); *Kilbourn v. West. Sur. Co.*, 187 F.2d 567, 571–72 (10th Cir. 1951) (reversing summary judgment so that real party in interest could be substituted); *cf. Kuelbs v. Hill*, 615 F.3d 1037, 1042–43 (8th Cir. 2010) (holding that district court gave plaintiffs reasonable time to substitute party when it ordered them to address the issue and waited six months before dismissing)).

manage."[26] Thus, without a conservator of the estate, because there was no estate, Ms. Hinshaw incorrectly presumed she could file this lawsuit on behalf of Mr. Cooper. This assumption was incorrect; as noted above the conservator of the person may not file a lawsuit under California law. This is also "hardly the best excuse." On the other hand, Defendant has presented no evidence that there is some other party who is properly conservator of the estate. Mr. Cooper may in fact be competent to raise the claim in his own name. But, there has been no assessment made regarding his capacity. Giving the benefit of the doubt to Plaintiff, there may not be a party who can prosecute this case, leading Plaintiff to incorrectly assume that the conservator of the person had the legal right to do so.[27]

More importantly, Defendant has not provided any evidence that Ms. Hinshaw was named the Plaintiff for a strategic reason. Defendant does not even allege that there is a strategic benefit to naming Ms. Hinshaw as Plaintiff.

---

[26] Dkt. 106, p. 7.
[27] *See e.g., Cty. of Los Angeles v. Superior Court (Crystal B., Steven G., Anita G.)*, 111 Cal. Rptr. 2d 471, 480 (Cal. App. 2001). In *Cty. of Los Angeles*, an independent counsel was appointed by the juvenile court to pursue all tort claims on behalf of minors claiming personal injury for physical and psychological abuse. The independent council was determined not to have standing to file the claims. But, the minors also "had no parent, or legal parent equivalent such as a guardian, legally capable to act on their behalf." *Id.* Thus, the court concluded that "tolling will be allowed if the minor claimant does not have, in place of a parent with the legal capacity to represent the minor, a representative fully equivalent to a parent, in other words, a guardian, who is *authorized* and capable of *fully* representing the minor claimant's interests." *Id.*

## C. Defendant has not demonstrated prejudice justifying dismissal.

Defendant claims that they are prejudiced by Ms. Hinshaw's improper status as Plaintiff in this case. Defendant raises two concerns: (1) evidence produced in this case presumed that Ms. Hinshaw was the proper party, including at deposition and in forming expert opinions and (2) Defendant presumed but later discovered that Ms. Hinshaw allegedly was not Mr. Cooper's caregiver at the time of the incident.[28] As Defendant acknowledges, Mr. Cooper was deposed in this case.[29] Defendant had the opportunity to question Mr. Cooper as to all elements of the claim and about any issues raised in the discovery process. Defendant has not shown specific prejudice warranting departure from the "longstanding policy in favor of deciding cases on the merits."[30] Ms. Hinshaw's status as a caregiver at the time of the incident is a factual dispute that is rightly left to the trier of fact, and not to be adjudicated in a Fed. R. Civ. P. Rule 17 objection seeking dismissal of the case.

---

[28] Dkt. 101, p. 11-13.
[29] Dkt. 101, p. 11.
[30] *Jones,* 873 F.3d at 1128 (citing *Dahl* v. *City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Russell* v. *Cunningham*, 279 F.2d 797, 804 (9th Cir. 1960)).

8

## V. CONCLUSION

Plaintiff has 21 days for the real party in interest to ratify, join, or be substituted into the action. Failure to do so in 21 days will result in dismissal.

DATED this 24th day of June 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT